IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GALLERIA PAIN PHYSICIANS, PLLC, | ) Case No. 24-30130 |
| | ) |
| Debtor. | ) |
| | ) |

**DEBTOR'S *EX PARTE* MOTION FOR ENTRY OF AN ORDER GRANTING ADDITIONAL TIME WITHIN WHICH TO FILE SCHEDULES AND STATEMENTS**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEANRING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **VIDEO PARTICIPATION IS AVAILABLE AT WWW.GOTOMEET.ME/JUDGENORMAN CONFERENCE CALL PARTICIPATION IS ALSO REQUIRED. THE COURT'S CONFERENCE CALL NUMBER IS (832) 917-1510, CONFERENCE CODE 174086.**

The above-captioned debtor and debtor in possession (the "*Debtor*"), by and through its proposed undersigned counsel, hereby moves this Court (this "*Motion*") for entry of an order granting the Debtor additional time within which to file its Schedules and Statements (as defined below). In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "*Bankruptcy Code*") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

## RELEVANT BACKGROUND

4. On January 11, 2024 (the "*Petition Date*"), the Debtor filed a voluntary petition in this Court for relief for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "*Bankruptcy Code*"), thereby commencing the above-captioned bankruptcy case (this "*Chapter 11 Case*"). The Debtor continues to operate its businesses and manage its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Office of the United States Trustee (the "*UST*") has appointed Thomas A. Howley as the Subchapter V Trustee for the Chapter 11 Case and has scheduled a meeting of the Debtor's creditors pursuant to § 341 of the Bankruptcy Code for February 15, 2024 (the "*341 Meeting*").

6. The Debtor is a medical practice that specializes in pain management and treatment and operates out of three (3) clinics located in the Houston metropolitan area: Bellaire (the "*Bellaire Clinic*"), Webster (the "*Webster Clinic*"), and Katy (the "*Katy Clinic*"). The Debtor's practice is comprised of healthcare providers who have special training and skill in the

evaluation, diagnosis, and treatment of all types of pain caused by surgery, injury, nerve damage, and metabolic problems such as diabetes. Pain management doctors and medical staff at the Debtor's various locations perform medication management, physical therapy, and nerve blocks.

7. The Debtor's bankruptcy filing resulted from long-term financial challenges, the consistent unprofitability of the Katy Clinic, and resultant debt levels. These issues were exacerbated and made acute by significant cuts to Medicare physician payments effective in 2022 and the failure of the Debtor's Prior Owners[1] to maintain the Debtor's DME license for its Webster Clinic (the latter of which recently rendered the Debtor unable to offer its patients Medicare bracing).

8. In bankruptcy, the Debtor anticipates maximizing creditor outcomes by quickly confirming a plan that will reorganize the business (including rejecting the lease for the Katy Clinic and consolidating operations).

## RELIEF REQUESTED

9. Pursuant to section 521(a) of the Bankruptcy Code, a debtor must file with the applicable court a schedule of all assets and liabilities, schedules of current income and expenditures and a statement of financial affairs (collectively, the "*Schedules and Statements*"). Pursuant to Bankruptcy Rule 1007(c), the Schedules and Statements "shall be filed with the petition or within 14 days thereafter," and are due to be filed in this Chapter 11 Case by January 25, 2024.

---

[1] Capitalized terms not defined herein shall the same meaning ascribed to them in the *Declaration of Brent Callister in Support of First Day Motions and Applications*. *See* Docket No. 5.

10. By this Motion, the Debtor seeks entry of an order pursuant to Bankruptcy Rule 1007(c) and section 105(a) of the Bankruptcy Code extending the time within which it is required to file the Schedules and Statements to February 8, 2024.

11. The Debtor believes that it will be able to complete its Schedules and Statements on or before February 8, 2024.

## BASIS FOR RELIEF

12. The Debtor filed this case on an expedited basis and has been tending to numerous emergent matters in preparation for and since the Petition Date, including, but not limited, communicating with vendors to maintain ongoing working relationships with the Debtor, ceasing operations at one of the Debtor's clinic locations (and vacating same), and negotiating consensual cash collateral use. Additionally, the Debtor is currently short-staffed and have very few office and accounting staff members. Consequently, the Debtor requires a short extension of time to obtain and assemble the information necessary to complete the Schedules and Statements.

13. Bankruptcy courts have granted the relief requested in this Motion under similar circumstances. *See, e.g.*, *In re Goodman Networks, Inc.*, Case No. 17-31575 (MI) (Bankr. S.D. Tex. Mar. 13, 2017) (granting a 60-day extension); *In re iHeartMedia, Inc.*, Case No. 18-31274 (MI) (Bankr. S.D. Tex. Mar. 15, 2018) (granting a 45-day extension) *In re Forever 21, Inc., et al.*, Case No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (extending the deadline to file schedules and statements for a total of fifty (50) days from the petition date); *In re Fred's Inc., et al.*, Case No. 19-11984 (CSS) (Bankr. D. Del. Sept. 10, 2019) (extending the deadline for fifty-six (56) days); *In re THG Holdings LLC*, Case No. 19-11689 (JTD) (Bankr. D. Del. Aug. 26, 2019) (extending the deadline for forty-five (45) days); *In re Z Gallerie, LLC*, Case No. 19-10488 (KBO) (Bankr. D. Del. Apr. 9, 2019) (extending the deadline for thirty-two (32) days).

14. The relief requested herein will not prejudice any party in interest. The Debtor intends to work cooperatively with the Office of the United States Trustee and other parties in interest to provide access to relevant information regarding the Debtor's business and financial affairs. The Debtor anticipates having the Schedules and Statements filed with sufficient time for the United States Trustee and other interested parties to review them before any 341 Meeting.

15. The Debtor reached out to the Office of the United States Trustee and has been informed that the office has no objection to the proposed extension to February 8, 2024.

**DEBTOR'S RESERVATION OF RIGHTS**

16. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, or contract under section 365 of the Bankruptcy Code. The Debtor expressly reserves its rights to contest any assertion to the contrary and any objection to the relief sought in this Motion under any grounds available to the Debtor in accordance with applicable non-bankruptcy law.

**NOTICE AND NO PRIOR REQUEST**

17. No prior motion for the relief requested herein has been made to this or any other court.

18. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the Southern District of Texas; (ii) each of the Debtor's twenty (20) largest unsecured creditors; (iii) entities that have filed UCC-1 financing statements against the Debtor; (iv) the Internal Revenue Service and any other potentially affected taxing authorities; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

WHEREFORE, the Debtor respectfully requests the entry of an order (i) extending the initial deadline for Debtor to file its Schedules and Statements from January 25, 2024 to February 8, 2024, and (ii) granting such other and further relief as the Court deems appropriate.

Dated: January 25, 2024

Respectfully submitted,

By: /s/ Matthew E. McClintock

Matthew E. McClintock, Esq.
Amrit S. Kapai, Esq.
**GOLDSTEIN & MCCLINTOCK LLLP**
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Facsimile: (312) 277-2310
mattm@goldmclaw.com
amritk@goldmclaw.com

*Proposed Counsel to the Debtor and Debtor-In-Possession*

## CERTIFICATE OF SERVICE

I, Matthew E. McClintock, the undersigned attorney, hereby certify that on January 25, 2024, I caused a copy of the *Notice of Motion* and *Debtor's Ex Parte Motion for Entry of an Order Granting Additional Time Within Which to File Schedules and Statements* to be served as indicated below and to all parties that have requested notice pursuant to Bankruptcy Rule 2002.

/s/ Matthew E. McClintock

## SERVICE LIST

Ha Minh Nguyen
Office of the United States Trustee
515 Rusk St., Suite 3516
Houston, TX 77002

IRS
Centralized Insolvency Operation,
PO Box 7346
Philadelphia, PA 19101-7346

Harris County Tax Assessor
PO Box 922007
Houston, TX 77292

Arthritis Knee Pain Centers - Corporate
24624 Interstate 45, Suite 125
Spring, TX 77386

Asahi Intecc USA
22 Executive Park, Suite 110,
Irvine, CA 92614

BAM Healthcare
PO Box 470
Elmendorf, TX 78112

BioTissue Surgical
7300 Corporate
Center Dr., Suite 70
Miami, FL 33126

Bioventus LLC
P.O. Box 732823
Dallas, TX 75373

Caliber Healthcare Solutions, LLC
PO Box 715806
Cincinnati, OH, 45271

CuraScript SD
PO Box 978510
Dallas, TX 75397

Echo Media
2400 Herodian Way, Suite 155.
Smyrna, GA 30080

GE Healthcare
62665 Collections Center Dr.
Chicago, IL 60693

Holdsworth & Nicholas
6102 Broadway, Suite B3
San Antonio, TX 78209

Jefferson Medical & Imaging, Inc
5470 Berkshire Valley Rd
Oak Ridge, NJ 07438

Johnson & Johnson
P.O. Box 406663
Atlanta, GA 30384

Merit Medical Systems Inc
PO Box 204842
Dallas, TX 75320

OrthogenRX Inc.
PO Box 754
Souderton, PA 18964-0754

Radiance Medical Services
2108 W 33rd St
Panama City, FL 32405

Sanofi Genzyme
450 Water Street
Cambridge, MA 02142

VQ Orthocare
3187 Red Hill Ave, Suite 150
Costa Mesa, CA, 92626

Woodlands Health Group
24624 Interstate 45, Suite 125
Spring, TX 77386

PlainsCapital Bank,
5010 University Avenue
Lubbock, TX 79413

Bank Midwest
505 Market Street, Suite 110
Des Moines, IA 50266

ASD Specialty Healthcare, LLC dba Besse
Medical
9075 Centre Point Drive, Suite 140,
West Chester, OH 45069-4891

U.S. Small Business Administration,
10737 Gateway West, #300,
El Paso, TX 79935

Stryker Sales Corporation,
1901 Romence Road Parkway
Portage, MI 49002

Hologic Capital
1111 Old Eagle School Road
Wayne, PA 19087

Financial Servicing, LLC d/b/a Graybar
2005 Market Street, 14th Floor
Philadelphia, PA 19103